FILED & ENTERED

AUG 16 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Camerina Gomez,<br><br>Debtor(s) | Case No.:  2:16-bk-26841-NB<br>Chapter:  13<br><br>**ORDER GRANTING MOTION TO PAY EXPENSES RELATING TO PARENTAGE ACTION**<br><br>Hearing Date:<br>Date:  August 15, 2019<br>Time:  8:30 a.m.<br>Place: Courtroom 1545<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

    Debtor has filed a motion to pay certain attorney fees and other expenses relating to a parentage action (the "Parentage Expense Motion," dkt. 58). This Court set a hearing at the above-captioned date and time. Dkt. 60. Appearances are noted in the record. No party in interest filed any written opposition or orally opposed the Parentage Expense Motion.

    After clarification on the record of what relief is being requested by Debtor, as well as this Court's findings of fact and conclusions of law at the hearing, and for the additional reasons stated below, this order grants the relief set forth below.

**(1) Overview: the proposed expenditures require this Court's approval; and approval is appropriate**

The proposed expenditures on the parentage action are not "ordinary course" expenditures, so they can only be made after notice, an opportunity to be heard, and approval by this Court. *See* 11 U.S.C. § 363(b) &(c)[1], *and see* Parentage Expense Motion (dkt.58) pp.6:9-7:24, *and In re Salazar,* 465 B.R. 875, 879-82, at text accompanying and following n. 4 (9th Cir. BAP 2012)). But this Court is persuaded that, subject to the limitations set forth in the following sections of this order, there is sufficient cause to approve such expenditures under Section 363(b).

In addition, the motion implicates whether Debtor's proposed expenditures will undermine her ability to abide by her chapter 13 obligations. Those obligations might include, for example, making the payments she has promised in her confirmed chapter 13 plan (as previously modified) (the "Plan"), and paying her "disposable income" to creditors (although, as discussed below, there is some question whether the "means test" for calculating disposable income applies to Plan modifications). This Court is persuaded that, subject to the limitations set forth below, the relief requested in the Parentage Expense Motion is not inconsistent with Debtor's chapter 13 obligations.

**(2) It is appropriate under Section 363(b) to approve expenditures in the anticipated range**

The analysis in the Parentage Expense Motion, and the supporting declaration from proposed family law counsel, are helpful in understanding the necessity and propriety of the proposed expenditures. In addition, the estimated dollar amounts of the expenditures appear to be reasonable: $11,000 for one attorney (Hughes), $1,500 for another attorney (Manning), and $15,000 for a custody evaluator, for an estimated total amount of roughly $27,500. Sufficient cause has been shown for purposes of Section 363(b) to authorize expenditures in that range, and this Court exercises its discretion to

---

[1] Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure or other federal or local rule, and other terms have the meanings provided in the Code, Rules, and the parties' filed papers.

impose a limit of $35,000 to be expended in the parentage action, unless Debtor obtains further authorization under Section 363(b).

**(3) It is appropriate under Section 363(b) to authorize future adjustments using an efficient procedure**

This Court takes judicial notice that parentage matters can be unpredictable, so it might be necessary for Debtor to seek authorization in future for additional expenditures relating to the parentage action.  To minimize the expense of doing so (for the benefit of all parties in interest), and pursuant to 11 U.S.C. § 102(1) and LBR 1001-1(d), this order will authorize Debtor to seek approval for such expenses using the "negative notice" (a/k/a "scream or die") procedures in LBR 9013-1(o).

**(4) Debtor's requested expenditures are not inconsistent with her chapter 13 obligations**

Debtor represents that she has taken steps to increase her income by working overtime, and that she is also receiving gifts from family members, with the hope that she will be able to pay the parentage action expenses with "only a brief Plan payment holiday (she is currently nearly 2 payments ahead under her Plan)."  Motion (dkt. 58), p.5:9-16.  Debtor is not <u>presently</u> requesting a modification of the dollar amount of monthly payments under her Plan, but the proposed expenditures might impact the amount of income that she can devote to those monthly payments, putting her in a situation in which she will be unable to meet her commitments in her Plan, and to that extent the motion could be characterized as seeking to modify the commitments in her Plan (11 U.S.C. § 1329).  As Debtor states, this means "granting this motion now, and dealing with any subsequent failure of the Debtor to comply with her Chapter 13 obligations when, and if[,] such a failure should occur."  Parentage Expense Motion (dkt. 58), p.9:14-17.

For the following reasons, this Court is satisfied that, if Section 1329 applies, it is satisfied.  As a preliminary matter, this Court takes judicial notice of the following: Debtor's filed chapter 13 plan (dkt. 6) proposed payments of roughly $2,500 per month

for 60 months with a 0% dividend to nonpriority unsecured creditors; the only "Class 1" creditors are Debtor's attorney and the Chapter 13 Trustee; the confirmation order (dkt. 22) provides for a "step down" in payments by approximately $200 after the first few months; and the plan was later modified to reduce payments to approximately $2,100 per month.

Based on the foregoing, this Court is satisfied that it is not necessary for Debtor to file and serve a motion to modify the Plan <u>at this time</u>.  First, all parties in interest were served with the Parentage Expense Motion and did not object.  Second, it appears that any reduction in payments under the chapter 13 plan that turn out to be necessary (based on the proposed expenditures on the parentage action) will not adversely affect unsecured creditors, because they are presently receiving 0% and cannot receive less.  Third, the only administrative claimants (the Chapter 13 Trustee and Debtor's counsel) have consented at the hearing to the relief sought in the motion.  Fourth and finally, secured creditors have their own remedies if Debtor turns out to need a suspension in payments under the Plan.

In addition, this Court is persuaded that, to the extent if any that Section 1329 and the "means test" (11 U.S.C. § 707(b)) apply, the proposed range of expenditures on the parentage action are permissible.  It has been held that the test is not actually incorporated into, but is relevant to the analysis of, any proposed modification of a debtor's promised payments to creditors under a confirmed plan. *See* 11 U.S.C. § 1329(c)(1) *and In re Sunahara,* 326 B.R. 768 (9th Cir. BAP 2005).  But even if the means test were strictly applicable, the proposed expenditures would be permissible because under the means test a debtor's expenses may include any actual expenses that are "reasonable and necessary for the **care and support** of … [a] member of the debtor's immediate family (including … children) …." (11 U.S.C. § 707(b)(2)(A)(ii)(II), emphasis added) as well as all "reasonably necessary expenses incurred to maintain the **safety of the debtor and the family** of the debtor from family violence …." (11 U.S.C. § 707(b)(2)(A)(ii)(I), emphasis added).  Moreover, under *Sunahara* the means

test is only one factor to be considered in evaluating whether the proposed modification of payments to creditors is proposed in good faith. On the record presented, this Court is persuaded that the proposed expenditures are consistent with the good faith requirement.

For the foregoing reasons, to the extent if any that Section 1329 applies, it is satisfied. This Court authorizes total expenditures of up to $35,000 in the parentage action under Section 1329, even though such expenditures might require Debtor in future to seek to modify her Plan, or might render this chapter 13 process infeasible. This Court can address such issues when and if it becomes necessary for Debtor to seek to modify her Plan.

**(5) Limitations**

Nothing in the foregoing discussion should be interpreted to excuse Debtor from filing and serving a motion to modify her Plan in the event that becomes necessary, or from seeking supplemental authorization for any future expenditures <u>above</u> the $35,000 limitation stated above, or from assuring that special counsel do not have an interest adverse to the bankruptcy estate, or any other requirements under the applicable law, rules, or procedures. Debtor's counsel can assess what additional steps, if any, are necessary. Meanwhile, it is appropriate to grant the Parentage Expense Motion as follows.

**(6) Conclusion**

For the foregoing reasons, IT IS HEREBY **ORDERED**:

(a) The Parentage Expense Motion is GRANTED.

(b) Debtor is authorized to expend up to $35,000 on the parentage action. This authorization is without prejudice to seeking to expend additional amounts in future (pursuant to the procedures set forth in the immediately following paragraph of this order).

(c) In the event that Debtor seeks authorization to expend more than $35,000 on the parentage action, she is authorized to use the "negative notice" procedures (LBR

9013-1(o)) to request such authorization.  Any such motion papers must include a copy of this order.

###

Date: August 16, 2019

Neil W. Bason
United States Bankruptcy Judge